IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY M. HYNES                                                    **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO.: ___3:18-cv-235-HTW-LRA___

WENDY'S D/B/A WENDELTA, INC. AND
CARLISLE, LLC          :                                           **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Anthony M Hynes, by any through his counsel, Watson & Norris, PLLC, and files this action against his employers, Wendy's d/b/a Wendelta, Inc., and Carlisle, LLC. As more specifically set forth below, Plaintiff has been subjected to sex discrimination, sexual harassment, and a sexually hostile work place in his employment with Defendants. The actions of the Defendants are in violation of the Title VII of the Civil Rights Act of 1964, as amended. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## PARTIES

1.    The Plaintiff, Anthony M. Hynes, is an adult male resident of Hinds County, Mississippi.

2.    The Defendant, Wendy's d/b/a WENDELTA, Inc., was a joint employer of Plaintiff. Defendant is a foreign corporation doing business in the State of Mississippi and may be served through its registered agent: Cogency Global, Inc., 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201.

3.    The Defendant, Carlisle, LLC, was a joint employer of Plaintiff. Defendant is a foreign corporation doing business in the State of Mississippi and may be served

1

its registered agent: Cogency Global, Inc., 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction.

5. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on July 12, 2017, charge number #423-2017-02079, a true and correct copy of which is attached as Exhibit "A." Plaintiff received a Notice of Right to Sue from the EEOC on January 29, 2018, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF THE FACTS

7. Plaintiff is an 18-year old African American male.

8. Plaintiff was hired by the Defendants on May 15, 2015, as a crew member.

9. In January 2016, Plaintiff began to be subjected to verbal and physical sexual harassment by his co-workers.

10. Plaintiff was harassed because of his sexual orientation and his weight.

11. Plaintiff was called faggot and bitch on a daily basis.

12. The female employees with the Defendants would physically assault Plaintiff. They would grope his private parts and squeeze his breast, while at the same time continue to tell Plaintiff to lose weight.

13. Plaintiff made numerous complaints to his general manager, Tasha McVay, but nothing was ever done.

14. Plaintiff complained to a co-worker, Leonate Jones, and Ms. Jones threatened and told Plaintiff, "gay ass bitch snitches get stitches."

15.    Plaintiff complained to another manager, Vanessa Robinson, and Ms. Robinson told Plaintiff to "man up" and "go to the gym and lose some weight."

16.    The harassing remarks to Plaintiff by his co-workers and managers just became more aggressive and more degrading.

17.    In June, 2017, Plaintiff made a complaint to his Supervisor and to Wendy's International, regarding the Defendant's hot working conditions in the kitchen.  This complaint was ignored as well.

18.    On June 23, 2017, Plaintiff felt weak and faint from the hot temperature in the kitchen while working for the Defendants.  Plaintiff went to Ms. Robinson and told her that he had a migraine and felt weak.  Plaintiff asked permission to go home.  Ms. Robinson told Plaintiff "no", and then told Plaintiff she would not allow him to be insubordinate.

19.    That very same day, at the end of Plaintiff's shift, Ms. Robinson handed Plaintiff a write-up and told him to sign it.  Plaintiff refused to sign it, and Ms. Robinson told him he would be terminated the next day.

20.    The next day, June 24, 2017, Ms. McVay, terminated Plaintiff's employment with the Defendants.

21.    All the harassment Plaintiff endured day after day while working for the Defendants was witnessed by co-workers and managers.

22.    The Defendants had actual knowledge of the harassment that Plaintiff received and failed to take adequate steps to remedy the situation.

23.    These actions of Ms. Robinson and Ms. McVay, as Plaintiff's managers, acting in their official capacity for the Defendants, constitute sexual

harassment and created a sexually hostile work environment for the Plaintiff.

24. The complaints Plaintiff made to his managers, supervisors, and to the corporate office was never answered, no investigation was conducted, and, although Plaintiff made them aware of the intolerable situation, none of the two on-sight managers did anything to alleviate the situation.

25. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## CAUSES OF ACTION

## COUNT ONE: VIOLATION OF TITLE VII - SEX DISCRIMINATION

26. Plaintiff incorporates paragraphs 1 through 25 above as though fully incorporated herein.

27. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his gender, male.

28. As a direct and proximate result of Defendants' unlawful, discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

29. Plaintiff has been harmed as a result of this discrimination, and the Defendants are liable to Plaintiff for the same.

30. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

## COUNT TWO: VIOLATION OF TITLE VII - SEXUAL HARASSMENT

31. Plaintiff incorporates the above paragraphs 1 through 30 as though

4

specifically set forth herein and alleges as follows:

32. The actions of Ms. Robinson and Ms. McVay, as Plaintiff's managers, acting in their official capacity for the Defendants, constitute sexual harassment and created a sexually hostile work environment for the Plaintiff.

33. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

## COUNT THREE - VIOLATION OF TITLE VII -SEXUALLY HOSTILE WORK ENVIRONMENT

34. Plaintiff incorporates the above paragraphs 1 through 33 above as though specifically set forth herein.

35. The repeated and continuous verbal and physical sexual harassment from Plaintiff's co-workers and managers created and/or subjected Plaintiff to sex-based harassment and a hostile work environment in violation of Title VII, because:

    a. Plaintiff is a member of a protected class;

    b. Plaintiff was subjected to harassment based on his sex, male; and

    c. Plaintiff was subjected to a hostile work environment created by the Defendants' failure to address and stop the sexual harassment by co-workers and management of the Defendants.

36. The Defendants had actual knowledge of the sexual harassment of Plaintiff.

37. The Defendants' failure to appropriately respond to the sexual harassment complaint by Plaintiff resulted in Plaintiff being subjected to discrimination in violation of Title VII.

38.     As a direct and proximate result of Defendants' unlawful sex discrimination and sexual harassment, Plaintiff continues to suffer emotional pain, professional and personal embarrassment and humiliation and has had to seek therapy as a result.

39.     The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Compensatory damages;
2.     Punitive damages;
3.     Attorney's fees;
4.     Costs and expenses; and
5.     Any other relief to which he may be properly entitled.

THIS, the 13th day of April 2018.

Respectfully submitted,

ANTHONY M. HYNES, PLAINTIFF

By:     _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com